J-S08027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT CAMPBELL | |
| Appellant | No. 2023 EDA 2014 |

Appeal from the PCRA Order of July 7, 2014
In the Court of Common Pleas of Chester County
Criminal Division at Nos.:     CP-15-CR-0001329-2001
CP-15-CR-0001401-2001
CP-15-CR-0001616-2001

BEFORE:  DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                **FILED FEBRUARY 03, 2015**

Vincent Campbell appeals the July 7, 2014 order dismissing his second petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely.  We affirm.

The PCRA court summarized the procedural history of this case as follows:

> On September 25, 2001, [Campbell] entered a negotiated guilty plea to aggravated assault, resisting arrest, flight to avoid apprehension and driving under the influence.  He was sentenced that day to serve a term of imprisonment of six to twelve years[' imprisonment].  [Campbell] did not appeal his sentence.  Approximately eleven years later, on July 30, 2012, [Campbell] filed his first [PCRA] petition [], and was appointed PCRA counsel.  On February 19, 2013, [the PCRA court] dismissed his PCRA petition as untimely.  On November 13, 2013, [this Court] affirmed the dismissal, also finding [Campbell's] PCRA petition untimely.  [**See Commonwealth v.**

> ***Campbell***, No. 712 EDA 2013, slip op. at 1, 6 (Pa. Super. Nov. 13, 2013).]
>
> On March 14, 2014, [Campbell] filed a second PCRA petition. Again, [the PCRA court] reviewed the petition and the record, found that the petition was also untimely, and on June 19, 2014, notified [Campbell] of [the court's] intent to dismiss his petition [pursuant to Pa.R.Crim.P. 907]. Although [Campbell] responded to [the Rule 907 notice,] his response established entitlement to no PCRA timeliness exception. Accordingly, [the PCRA court] dismissed his PCRA petition on July 7, 2014.

PCRA Court Opinion, 9/4/2014, at 1-2.

On July 17, 2014, Campbell filed a notice of appeal. In response, the PCRA court directed Campbell to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On August 18, 2014, Campbell timely complied. On September 4, 2014, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(b).

Campbell raises the following issues for our consideration:

1. Whether the lower trial courts followed the sentencing code?

2. Whether the sentence imposed is illegal and unconstitutional under the United States Constitution and [the] Pa. Constitution?

3. Whether [Campbell's] sentence left him therefor unlawfully imprisoned?

4. Did [Campbell] show just cause for review pursuant to 42 Pa.C.S.A. § 9545(b)(1)(i-iii)/42 Pa.C.S. [§ 9545](b)(i)(ii)?

5. Whether [Campbell's second] PCRA was timely?

Brief for Campbell at 3 (commas omitted for clarity).

Our standard of review for an order denying PCRA relief is well-settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that a petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

Before we can consider the merits of Campbell's issues, we first must determine whether his second PCRA petition was timely filed, thereby conferring jurisdiction upon the PCRA court to rule upon the petition in the first instance. In *Commonwealth v. Jackson*, we articulated the timeliness standards under the PCRA as follows:

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. When an action is cognizable under the PCRA, the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose[.]" 42 Pa.C.S.A. § 9542.

In order for a court to entertain a PCRA petition, a petitioner must comply with the PCRA filing deadline. *See Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003). The time for filing a petition is set forth in 42 Pa.C.S.A. § 9545(b), which provides in relevant part:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

\* \* \*

42 Pa.C.S.A. § 9545(b).

"[T]he time limitations pursuant to . . . the PCRA are jurisdictional." **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999). "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." **Id.** "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Commonwealth v. Perrin**, 947 A.2d 1284, 1285 (Pa. Super. 2008).

**Commonwealth v. Jackson**, 30 A.3d 516, 518-19 (Pa. Super. 2011).

Instantly, Campbell was sentenced on September 25, 2001. Campbell did not file a direct appeal. Thus, his judgment of sentence became final on or about October 25, 2001. **See** 42 Pa.C.S. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). To be

timely, Campbell had to file a PCRA petition within one year of that date, on or before October 25, 2002. **See** 42 Pa.C.S. § 9545(b)(1) ("[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final."). Campbell filed the instant petition on March 14, 2014. Consequently, Campbell's second PCRA petition is facially untimely by approximately eleven and one-half years.

Nonetheless, as noted above, an untimely PCRA petition will be deemed to be timely filed if the petitioner has pleaded and proven **in his PCRA petition** one of the three enumerated exceptions to the PCRA's time bar. **See** 42 Pa.C.S. § 9545(b)(1) ("[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, **unless the petition alleges** and the petitioner proves [one of the three exceptions.]) (emphasis added). The PCRA court noted in its opinion that Campbell has failed to demonstrate that one of the exceptions applies. **See** PCRA Court Opinion, *supra* at 2. We agree with the PCRA court.

The crux of Campbell's claim for relief, as set forth in his PCRA petition and in his brief to this Court, is his contention that he was illegally sentenced on his DUI conviction. In his PCRA petition, Campbell argued that, as a result of research in the prison law library, his discovery that his sentence was illegal constituted a newly discovered fact for purposes of the relevant exception to the PCRA's time limits. **See** 42 Pa.C.S. § 9545(b)(1)(ii). The

- 5 -

newly discovered fact exception "requires [a] petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those facts by the exercise of "due diligence." *Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007). The focus of the exception is "on [the] newly discovered *facts*, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Johnson*, 863 A.2d 423, 427 (Pa. 2004) (emphasis in original), *abrogation on different grounds recognized by Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007).

Campbell has failed to explain, either in his PCRA petition or in his brief to this Court, why he could not have ascertained the purported illegality of his sentence at an earlier date, or how he nonetheless acted with due diligence in the eleven and one-half years between the date that the sentence was imposed and the date that he filed his PCRA petition. Indeed, Campbell proffers no analysis of the necessary elements of the exception, and offers no meaningful discussion as to how he has satisfied those elements. Hence, we agree with the PCRA court that Campbell has not established that he is entitled to the application of the exception.

Campbell also argues that the jurisdictional elements of the PCRA have been satisfied because his claim represents a challenge to the legality of his sentence, which is a non-waivable challenge. However, it is well-settled that such a claim does not, *ipso facto*, provide a PCRA court with jurisdiction. Although it is true that claims regarding the legality of a sentence generally

cannot be waived, **Commonwealth v. Foster**, 960 A.2d 160, 163 (Pa. Super. 2008), waiver and jurisdiction are separate matters. "Though not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." **Commonwealth v. Slotcavage**, 939 A.2d 901, 903 (Pa. Super. 2007) (citing **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.")).

Campbell cannot establish the PCRA court's jurisdiction to grant relief on his untimely PCRA petition. The petition at issue herein was filed approximately eleven and one-half years after Campbell's judgment of sentence became final. Campbell has not proved the applicability of any of the enumerated exceptions to the PCRA time limits. Thus, the PCRA court lacked jurisdiction over his petition, and did not err or abuse its discretion in dismissing the petition on that basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/3/2015