J-S55040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FRANCIS O'NEILL | |
| Appellant | No. 560 EDA 2014 |

Appeal from the PCRA Order January 15, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0708641-1979

BEFORE: BOWES, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 20, 2015**

Francis O'Neill appeals from the order entered in the Philadelphia County Court of Common Pleas, dated January 15, 2014, dismissing his serial petition filed under the Post-Conviction Relief Act ("PCRA")[1] as untimely. O'Neill seeks relief from the judgment of sentence of an aggregate 30 to 60 years' imprisonment imposed on **January 21, 1981**, following his jury conviction of third-degree murder, three counts of aggravated assault, criminal conspiracy, and possession of an instrument of crime.[2] Because we agree the petition is untimely, we affirm.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502(c), 2702, 903, and 907, respectively.

O'Neill's convictions arose out of a shooting on June 17, 1979, when O'Neill and his co-defendant, Robert Forbes, who are white, shot at four African-American teenage boys in Southwest Philadelphia. This Court affirmed the judgment of sentence on April 2, 1982,[3] and the Supreme Court denied *allocatur* on February 23, 1983. O'Neill did not file a petition for writ of *certiorari* in the United States Supreme Court. Since that time, O'Neill has inundated the court with numerous PCRA petitions, raising an assortment of requests and claims.[4] None of these petitions has provided O'Neill any relief.

O'Neill filed the current *pro se* PCRA petition on December 5, 2012. After determining that the petition was untimely, the PCRA court notified O'Neill of its intent to dismiss the petition without a hearing on October 28, 2013. **See** Pa.R.Crim.P. 907. O'Neill filed a response to the Rule 907 notice on November 13, 2013. On January 15, 2014, the PCRA court dismissed O'Neill's petition, finding the following: "Upon review, [O'Neill]'s claim of an

_____

[3] **Commonwealth v. O'Neill**, 445 A.2d 198 (Pa. Super. 1982).

[4] The PCRA court recited the extensive procedural history in its opinion and we need not restate it here. **See** PCRA Court Opinion, 3/7/2014, at unnumbered 1-3.

It merits mention that O'Neill filed an appeal, concerning the underlying matter, with our sister court, the Commonwealth Court of Pennsylvania, that was denied in 2012. **See O'Neill v. Commonwealth Pa. Dep't of Corr.**, 2012 Pa. Commw. Unpub. LEXIS 884 [17 M.D. 2011] (Pa. Commw. 2012), *appeal dismissed*, 2013 Pa. LEXIS 1068 [3 EAP 2013] (Pa., May 29, 2013).

unlawful sentence fails to adequately invoke an exception to the timeliness provision." Order, 1/15/2014, at 1 n.1. This appeal followed.[5]

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." ***Commonwealth v. Smith***, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. ***Commonwealth v. Taylor***, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing ***Commonwealth v. Murray***, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. ***Id****.*

***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, O'Neill's petition for allowance of appeal with the Pennsylvania Supreme Court was denied on February 23, 1983. Therefore, O'Neill's sentence

---

[5] The PCRA court did not order O'Neill to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). Nevertheless, he filed a concise statement on May 15, 2014, after the PCRA court had issued an opinion under Pa.R.A.P. 1925(a) on March 7, 2014.

We also note that even though the Commonwealth received an extension, it did not file a response in this matter.

became final on May 24, 1983, when his time to file a petition for *writ* of *certiorari* with the United States Supreme Court expired. **See** Sup. Ct. R. 13. Moreover, pursuant to Section 9545(b)(1), O'Neill had one year from the date his judgment of sentence became final to file a PCRA petition. **See Taylor**, **supra**. The instant petition was not filed until December 5, 2012, almost 30 years later, making it patently untimely.[6]

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, a PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of

---

[6] There exists a *proviso* to the 1995 amendments to the PCRA that provides a grace period for petitioners whose judgments became final on or before the January 16, 1996 effective date of the amendments. However, the *proviso* applies to first PCRA petitions only, and the petition must be filed by January 16, 1997. **See Commonwealth v. Thomas**, 718 A.2d 326 (Pa. Super. 1998) (*en banc*). It is evident O'Neill is not entitled to the relief provided by the *proviso.*

when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

O'Neill argues his claims may be considered because the requirements for the "governmental interference" and "unknown facts" exceptions are satisfied.[7] O'Neill's Brief at unnumbered 4. Specifically, he contends the PCRA court erred in dismissing his petition as untimely because his sentence is illegal and no statutory authorization exists for this particular sentence. *Id.* at unnumbered 2. He states that in 2008, he learned his criminal record showed incorrect convictions for 28 crimes and in December of that year, he was able to have these false convictions corrected and removed from his record. *Id.* at unnumbered 4. O'Neill alleges he then began requesting more legal documents to examine, including his presentence report, psychiatric evaluation, and criminal docket sheet.[8] *Id.* at unnumbered 5. With respect to the docket sheet, he states that it indicates he was found guilty of three counts of simple assault and was sentenced to a term of five to ten years on each count. *Id.* O'Neill asserts the jury never convicted him of three counts of simple assault and therefore, he is serving an illegal sentence. *Id.* Moreover, he argues, "According to the sentencing

_____

[7] O'Neill raises fives issue on appeal, which we will address together. *See* O'Neill's Brief at unnumbered 1-2.

[8] He states he received the presentence report and psychiatric evaluation in October of 2012, and the docket sheet on March 14, 2014. *Id.* at unnumbered 5-6.

guidelines, [his] prior convictions do not warrant the maximum sentence to be imposed on every count." *Id.* at unnumbered 7. O'Neill also states both the pre-sentence report and the psychiatric evaluation report recommended a "short" sentence and "[t]here is nothing in the record that supports the violations of the sentencing guidelines." *Id.* Lastly, he avers that the 28 false convictions "may have contributed" to the trial court's determination in imposing a maximum sentence. *Id.* at unnumbered 8.

With respect to the governmental interference exception, we conclude O'Neill has not met the burden of proving that such an exception applies to his case. While O'Neill seems to allege the government interfered with his ability to obtain the sentencing transcripts, he has not demonstrated that government officials interfered with his ability to present or assert his claims. According to his own statements, he did not even attempt to obtain the documents at issue until 2008, well after his sentencing in 1981.

With regard to the "unknown facts" exception, we again conclude O'Neill has not met the burden of proving this exception applies. First, to the extent that he argues his sentence is illegal because the docket indicates he was convicted and sentenced for three counts of simple assault, we are guided by the following:

> "Though not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." ***Commonwealth v. Slotcavage***, 2007 PA Super 378, 939 A.2d 901, 903 (Pa. Super. 2007) (citing ***Commonwealth v. Fahy***,

- 6 -

558 Pa. 313, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.")).

*Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014).

Here, O'Neill has failed to demonstrate that he exercised due diligence in obtaining his criminal docket, which had been publicly available since his case was held for court in 1979. *See Commonwealth v. Lopez*, 51 A.3d 195, 196 (Pa. 2012) (concluding a PCRA petition is time-barred pursuant Section 9545(b)(1)(ii) where the information at issue was publicly available for years and discoverable). Therefore, O'Neill could have ascertained this information earlier if he had exercised due diligence.[9] He did not so, and therefore, this argument fails.

Second, to the extent that O'Neill argues that his prior convictions do not warrant the maximum sentence to be imposed on every count where the

_____

[9] We note O'Neill had several opportunities to obtain this information, including during to his appeal to the Commonwealth Court, which concerned the issue of whether the Department of Corrections had incorrectly recorded that his sentences be served consecutively. *See O'Neill v. Commonwealth Pa. Dep't of Corr.*, *supra*.

Moreover, it is evident from the 1981 quarter session sheets, contained in the certified record, that O'Neill was charged with both aggravated assault and simple assault. Simple assault is a lesser included offense of aggravated assault. *See Commonwealth v. Bracey*, 831 A.2d 678, 686 (Pa. Super. 2003). In the quarter session sheets, the court indicated the simple assault counts merged with the aggravated assault convictions and the court did not impose a sentence with respect to these counts. As such, his argument is futile.

presentence report and psychiatric evaluation both recommend shorter sentences and the 28 false convictions were removed from his record, we disagree.

Again, we note O'Neill has failed to demonstrate that he exercised due diligence in obtaining the presentence report and psychiatric evaluation, which have been available since his sentencing in 1981. **See Lopez**, **supra**. Moreover, as determined by the PCRA court:

> [O'Neill] attempts to attack the discretionary aspects of sentencing. Attached to his petition is a letter from the Pennsylvania State Police stating that his record was corrected to accurately reflect his prior convictions. The letter is dated November 25, 2008. [O'Neill] did not file the instant petition un[til] December 5, 2012, over four years after it could have been filed. Therefore, because [O'Neill] failed to raise this claim with[in] 60 days of when it first could have been presented, this Court could not review the merits of his claim and properly dismissed it.

PCRA Court Opinion, 3/4/2014, at unnumbered 4. We are inclined to agree with the PCRA court that these facts could have been ascertained sooner, through the exercise of due diligence, and O'Neill failed to do so.

Accordingly, because O'Neill's petition is untimely and does not satisfy any exception to the PCRA timeliness requirement, we are without jurisdiction to review his claims. Therefore, the PCRA court did not err in dismissing his petition as untimely.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/20/2015</u>