J-S24029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAHMIL FIELDS, | |
| Appellant | No. 2887 EDA 2014 |

Appeal from the PCRA Order entered September 23, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0003495-2007

BEFORE:  GANTMAN, P.J., ALLEN, and MUSMANNO, JJ.

MEMORANDUM BY ALLEN, J.:                     **FILED APRIL 13, 2015**

Rahmil Fields ("Appellant") appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa. C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> On October 26, 2006, [Appellant, who was then sixteen years old,] shot and killed Mr. Antonio Johnson on Cantrell Street in Philadelphia.  [Appellant] was subsequently charged with murder, generally, and other offenses, and went to trial thereon in October of 2008.  On October 14, 2008, a jury convicted [Appellant] of first-degree murder following a trial before this Court.  After the jury rendered its decision and the verdict was recorded, this Court imposed the mandatory sentence of life imprisonment on [Appellant].  [Appellant] filed a direct appeal to the Superior Court; however, it was dismissed on February 4, 2010, because counsel failed to file a brief.  (3194 EDA 2008).

On September 13, 2011, [Appellant] sent a letter to the Pennsylvania Attorney Discipline Board, which informed [Appellant] by letter dated September 29, 2011, that his appeal had been dismissed. [Appellant], who was a juvenile at the time the crime herein occurred, took no action in his case until August 2, 2012, when he mailed a *pro se* pleading requesting the appointment of counsel for purposes of seeking relief pursuant to the decision rendered by the United States Supreme Court in **Miller v. Alabama**, [132 S.Ct. 2455 (2012)], wherein the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" On October 10, 2012, [Appellant] filed a *pro se* [PCRA petition,] and counsel was appointed to represent him. Counsel thereafter filed an amended petition and an amended petition seeking *habeas corpus* relief.

After conducting an extensive and exhaustive review of these filings, the record and applicable case law, this Court found that [Appellant's PCRA petition] was untimely filed. Consequently, on September 23, 2014, after having served [Appellant] notice of this Court's intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907, this Court issued an Order denying [Appellant] PCRA relief.

PCRA Court Opinion, 11/4/14, at 1-2. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

I. Is [A]ppellant, a juvenile at the time of the shooting that resulted in his conviction, entitled to be resentenced since his life sentence is illegal under the United States Constitution and the Pennsylvania Constitution and in accordance with **Miller v. Alabama**, [**supra**]?

II. Is [Appellant] entitled to post conviction relief in the form of the grant of leave to file a notice of appeal *nunc pro tunc* to the Superior Court or a remand for an evidentiary hearing since trial counsel rendered ineffective assistance of counsel when he failed to protect

[A]ppellant's appellate rights by complying with the Superior Court's briefing order resulting in the dismissal of the appeal?

Appellant's Brief at 4.

After careful review, we conclude that the Honorable Jeffrey P. Minehart has prepared a thorough and well-reasoned opinion that correctly refers to the timeliness restrictions of the PCRA, and explains why Appellant's argument of an exception based on *Miller v. Alabama*, *supra*, is unavailing. *See* PCRA Court Opinion, 11/4/14, at 3-5 (citing *Commonwealth v. Seskey*, 86 A.3d 237 (Pa. Super. 2014); *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013). In addition, Judge Minehart correctly held that Appellant's request for *habeas corpus* relief is subsumed within the PCRA. *Id.* at 6-7 (citing *Commonwealth v. Peterkin*, 722 A.2d 638 (Pa. Super. 1998); *Seskey*, *supra*). Thus, we adopt Judge Minehart's November 4, 2014 opinion as our own in determining that Appellant's PCRA petition is untimely.

With regard to Appellant's second issue, our review of the certified record supports Judge Minehart's conclusion that this issue is also time barred. *See* PCRA Court Opinion, 11/4/14, at 7-8.

In sum, we affirm the PCRA court's order denying post-conviction relief on the basis of the PCRA Court's November 4, 2014 opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/13/2015</u>

Circulated 04/01/2015 11:51 AM

IN THE
COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :   CP-51-0003495-2007

              v.

RAHMIL FIELDS           :     HOMICIDE

## CONCISE STATEMENT OF
## ERRORS COMPLAINED OF ON APPEAL

The defendant, RAHMIL FIELDS, by and through counsel, JANIS SMARRO, ESQUIRE, complies with the Order pursuant to Pa.R.A.P. 1925(b), and files this Concise Statement of Errors Complained of on Appeal stating that he intends to complain of the following on appeal:

1. The defendant is entitled to post-conviction relief in the form of resentencing or an evidentiary hearing since the life sentence imposed on the defendant, a juvenile at the time of the incident, is illegal pursuant to the recent United Supreme Court cases of Miller v. Alabama and Jackson v. Hobbs as the life sentence constitutes cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution. The arguments made in the defendant's amended post-conviction petition are adopted herein.

2. The defendant is entitled to post-conviction relief in the form of reinstatement of appellate rights *nunc pro tunc* or an evidentiary hearing since trial counsel rendered ineffective assistance of counsel when he failed to protect the defendant's appellate rights by complying with the Superior Court's briefing order resulting in the dismissal of the appeal. The arguments made in the defendant's amended post-conviction petition are adopted herein.

JANIS SMARRO, ESQUIRE
ATTORNEY FOR THE DEFENDANT
ATTORNEY NO. 36429
SUITE 1200-1515 MARKET STREET
PHILADELPHIA, PA. 19102
215.854.6406

# IN THE COURT OF COMMON PLEAS OF
## PHILADELPHIA COUNTY

OFFENSE TRACKING NUMBER_____

COMMONWEALTH OF PENNSYLVANIA:    CRIMINAL TRIAL DIVISION

v.    :    CP-51-CR-0003495-2007

RAHMIL FIELDS    :    HOMICIDE

## PROOF OF SERVICE

I certify that I am this day serving a true and correct copy of the attached by First Class Mail or hand delivery, to the following:

Trial Judge:
Hon. Jeffrey P. Minehart
1206 Criminal Justice Center
1301 Filbert Street
Philadelphia, PA 19107

Attorney for the Commonwealth
Hugh Burns, Esquire
Chief-Appeals Unit
District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107

JANIS SMARRO, ESQUIRE
ATTORNEY FOR DEFENDANT
ATTORNEY NO. 36429
SUITE 1200-1515 MARKET STREET
PHILA., PA 19102
215.854.6406

DATE: _____

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION-CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA          :

                                      :

                                      :

                    v.          CP-51-CR-0003495-2007 Comm. v. Fields, Rahmil
                                Opinion

RAHMIL FIELDS

                                7218713941          CP-51-CR-0003495-2007

                                      :

FILED

NOV 04 2014

Post Trial Unit

## OPINION

### PROCEDURAL HISTORY

On October 26, 2006, defendant shot and killed Mr. Antonio Johnson on Cantrell Street in Philadelphia. Defendant was subsequently charged with murder, generally, and other offenses and went to trial thereon in October of 2008. On October 14, 2008, a jury convicted the above-named defendant of first-degree murder following a trial before this Court. After the jury rendered its decision and the verdict was recorded, this Court imposed the mandatory sentence of life imprisonment on defendant. Defendant filed a direct appeal to the Superior Court; however it was dismissed on February 4, 2010, because counsel failed to file a brief. (3194 EDA 2008).

On September 13, 2011, defendant sent a letter to the Pennsylvania Attorney Disciplinary Board, which informed defendant by letter dated September 29, 2011, that his appeal had been dismissed. Defendant, a juvenile at the time the crime herein occurred, took no action in his case until August 2, 2012, when he mailed a *pro se* pleading requesting the appointment of counsel for purposes of seeking relief pursuant to the decision rendered by the United States Supreme Court in Miller v. Alabama, __US__, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), wherein the

1

Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" On October 10, 2012, defendant filed a *pro se* petition pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.* and counsel was appointed to represent him. Counsel thereafter filed an amended petition and then an amended petition seeking *habeas corpus* relief.

After conducting an extensive and exhaustive review of these filings, the record and applicable case law, this Court found that Petitioner's petition for post conviction collateral relief was untimely filed. Consequently, on September 23, 2014, after having served defendant notice of this Court's intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907, this Court issued an Order denying defendant PCRA relief. Defendant thereafter filed a timely notice of appeal and a requested Pa.R.A.P. 1925(b) statement of issues to be raised on appeal.

## DISCUSSION

In his 1925(b) statement defendant first argues that he was entitled to post-conviction relief because his sentence of life imprisonment without parole is illegal and unconstitutional as it constitutes cruel and unusual punishment pursuant to the holding of Miller, supra. This claim entitled defendant to no relief because he did not file his petition in accordance with the time strictures of the PCRA.

In reviewing the propriety of the PCRA court's dismissal of a petition without a hearing, the reviewing court is limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. Commonwealth v. Holmes, 905 A.2d 707, 509 (Pa. Super. Ct. 2006) citing Commonwealth v. Halley, 870 A.2d 795, 799 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the

findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001).

A PCRA court may decline to hold a hearing on the petition if the petitioner's claim is patently

frivolous and is without a trace of support either in the record or from other evidence.

Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001). The reviewing court on

appeal must examine each of the issues raised in the PCRA petition in light of the record in order

to determine whether the PCRA court erred in concluding that there were no genuine issues of

material fact and denying relief without an evidentiary hearing. Id. See also Commonwealth v.

Hardcastle, 701 A.2d 541, 542 (Pa. 1997).

Under the P.C.R.A., a defendant has one year from the date a judgment becomes final to

file for collateral relief. 42 Pa. C.S. §9545. A petitioner may file a petition after that date but, in

order to avoid having it dismissed on timeliness grounds, he must plead and prove that one of the

three exceptions to the filing requirements apply. 42 Pa. C.S. §9545(b) provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth' or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

3

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of his subchapter, a judgment becomes final at the conclusion of the direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

The P.C.R.A.'s time limit is jurisdictional. Commonwealth v. Yarris, 731 A.2d 581 (1999). Commonwealth v. Peterkin, 722 A.2d 638, 641 (1998). Thus, an untimely petition may not be addressed simply because it is couched in terms of ineffectiveness. Peterkin, 722 A.2d at 643. Moreover, to successfully invoke one of these exceptions a petitioner must plead and then prove that an exception to the time for filing the petition set forth at 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. 42 Pa.C.S. § 9545(b)(2); Commonwealth v. Bennett, 930 A.2d 1264, 1272 n.11 (Pa. 2007); Commonwealth v. Crews, 863 A.2d 498, 501 (Pa. 2004).

Defendant's judgment of sentence became final on March 8, 2010.[1] "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3); Pa.R.Crim.P. 720(A)(2)(a) (providing that if defendant files timely post-sentence motion, notice of appeal shall be filed within thirty days of order deciding motion); Pa.R.A.P 903 ("Except as otherwise prescribed by this rule, the notice

---

[1] Although a conviction usually becomes final thirty days after the Superior Court affirms a judgment of sentence, the thirtieth day fell on March 6, 2010, a Saturday and by rule, defendant had until the next date the Court was open for business to file a petition of allowance of appeal. See 1Pa.C.S.§ 1908. This Court considered the mailing of the request for counsel to be a request for post-conviction collateral relief as it was filed after defendant's conviction became final. It is noted that it was deemed to be filed when defendant mailed it pursuant to the prison "mailbox" rule.

of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken.").

Here defendant mailed his petition for appointment of counsel on August 2, 2012, well past March 8, 2010, and thus, his petition clearly was untimely filed under the PCRA, even though he filed the aforementioned petition within sixty days of the date on which Miller was issued. While defendant did file his petition for the appointment of counsel within sixty days of the date Miller was handed down, the only potentially applicable exception to the one-year filing deadline is the one set forth in section 9545(b)(1)(iii). Although defendant did not waive his Miller claim because he raised it within sixty days of the date Miller was handed down, defendant still had the burden of establishing that this Court had jurisdiction to address the claim. See Commonwealth v. Seskey, 86 A.3d 237, 241 (Pa. Super. 2014). He failed in this endeavor because Miller was held in Commonwealth v. Cunningham, 81 A.3d 1 (2013), *cert. denied,* 573 U.S. --- (U.S. June 9, 2014) (No. 13-1038), not to apply retroactively. As the Superior Court explained in Seskey:

> Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.,* "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

Seskey, 86 A.3d at 242-43 (quoting Commonwealth v. Copenhefer, 941 A.2d 646, 649-50) (Pa. 2007) (citation omitted)).

5

Thus, defendant's claim that this Court erred by dismissing his <u>Miller</u> claim entitles him to no relief because it is clear that defendant failed to establish that <u>Miller</u> set forth a new constitutional right that applied retroactively at the time he filed his *pro se* petition, and therefore, his request for PCRA relief was untimely filed. This Court had no authority to ignore the <u>Cunningham</u> ruling.

This Court notes that even though defendant challenged the legality and constitutionality of his sentence, the one-year deadline of the PCRA still applied. See <u>Commonwealth v. Slotcavage</u>, 939 A.2d 901, 903 (Pa. Super. 2007) (citing <u>Commonwealth v. Fahy</u>, 737 A.2d 214, 223 (Pa. 1999) ("Although a legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.")). Therefore, to be entitled to relief even on his sentencing claim it was incumbent on defendant to establish that one of the exceptions to the one-year filing requirement applied to excuse the late filing of his petition. As noted above, defendant failed to meet his burden.

Finally, although defendant sought relief from his life sentence pursuant to a writ of *habeas corpus*, in <u>Peterkin</u>, 722 A.2d at 640, the Pennsylvania Supreme Court explained that "the PCRA subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA and that any petition seeking relief under the PCRA must be filed within one year of final judgment." The writ of *habeas corpus* "continues to exist only in cases in which there is no remedy under the PCRA." <u>Id.</u>

In the instant matter, defendant argued in his habeas petition that his sentence is illegal because it is unconstitutional under <u>Miller</u>, <u>supra</u>. Such claims are cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(ii)(vii). As such, the PCRA subsumed defendant's issue and this Court lacked jurisdiction to address the issues raised in defendant's habeas petition because

6

defendant failed to prove that one of the PCRA time exceptions excused the late filing of his petition. In Seskey, supra, the Superior Court stated:

> Throughout his brief, Appellant attempts to circumvent the effect that Cunningham has upon our jurisdiction by arguing, inter alia: that he is entitled to relief under Article 1, § 13 of the Pennsylvania Constitution ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted."), independently of the Eighth Amendment. Brief for Appellant 10–13; that Miller should be applied retroactively based upon Pennsylvania's broader retroactivity principles, Brief for Appellant at 19–26; and that the inequitable result that Miller created violates Pennsylvania's due process and equal protection principles. Brief for Appellant at 27–30. While these arguments someday may require consideration by our courts, today cannot be that day. Before a court may address Appellant's arguments, or similar contentions, that court must have jurisdiction. We cannot manufacture jurisdiction based upon the substantive claims raised by the parties. Presently, we are confined by the express terms of subsection 9545(b)(1)(iii) and our Supreme Court's decision in Cunningham. Combined, those two elements require us to conclude that we lack jurisdiction. No substantive claim can overcome this conclusion.

Seskey, 86 A.3d at 243.

Therefore, under the holding of Seskey, this Court's determination that defendant was not entitled to habeas relief, respectfully, should be affirmed.

Accordingly, for the reasons stated, it is suggested that this Court's ruling finding no merit to defendant's claim that he is entitled to relief because his sentence is illegal should be affirmed.

Defendant's next and final issue was also properly dismissed on timeliness grounds. As an initial matter, in order to invoke an exception to the Act's timeliness provision, there is a requirement that a petitioner file his claim "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). The 60-day rule requires a petitioner to plead and prove

that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence. Commonwealth v. Marshall, 947 A.2d 714, 720 (Pa. 2008).

In the instant case, defendant was made aware that his appeal had been dismissed because appellate counsel had not filed a brief on September 29, 2011, when he received a letter informing him of that fact. Defendant did not file his petition for appointment of counsel until August 2, 2012, well after sixty day period set forth in section 9545 had expired.

Defendant attempts to overcome the late filing by claiming that the letter he received on September 29, 2011, failed to inform him of the steps necessary to have his appellate rights reinstated and that he did not have the transcript from his trial or discovery materials. Neither ground excuses defendant's late filing because he waited over ten months after receiving the letter before he filed his petition for the appointment of counsel. Moreover, defendant did not need his trial transcript or discovery material to seek PCRA relief. Finally, defendant has failed to explain why he could not have learned prior to his receipt of the letter that his appeal had been dismissed. For all of these reason, it is clear that defendant's second claim was time barred and it is respectfully suggested that this Court's dismissal of it be affirmed.[2]

---

[2] Defendant cited to Bennett, supra, as supporting his claim. In Bennett, the Supreme Court ruled that if a defendant proves that he was abandoned by counsel and raises the claim within sixty days of the date he learned of the abandonment, he meets the newly discovered time exception set forth in section 95459b). Here defendant, failed to meet his burden because he did not seek relief within sixty days of the date he learned that his appeal had been dismissed. Consequently, Bennett did not apply to excuse defendant's untimely request for relief.

## CONCLUSION

In sum, defendant failed to file his claims within the PCRA's necessary time limitations, or establish that any of the exceptions applied to his case. Accordingly, for all of the foregoing reasons, defendant's petition was properly dismissed as untimely and, respectfully, it is suggested that the ruling be affirmed.

BY THE COURT,

DATE: 11/4/14

JEFFREY P. MINEHART, J.

9