**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Richard Steven SLOTCAVAGE,**
**Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 2007.

Filed Dec. 13, 2007.

Kent D. Watkins, St. Clair, for appellant.

Karen Byrnes–Noon, Pottsville, for appellee.

BEFORE: STEVENS, DANIELS, JJ., and McEWEN, P.J.E.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Schuylkill County, after a jury convicted Appellant of Delivery of a Controlled Substance, to wit, 4.8 grams of cocaine, a felony under 35 P.S. § 780–113.[1] The trial court initially sentenced Appellant to one to two years' electronic monitoring, but subsequently granted the Commonwealth's motion for reconsideration on the argument that 18 Pa.C.S.A. § 7508[2]

---

1. The Controlled Substance, Drug, and Cosmetic Act provides in pertinent part:

§ 780–113. Prohibited acts; penalties
(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
* * *
(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.
* * *
(f) Any person who violates clause … (30) of subsection (a) with respect to:

(1) A controlled substance or counterfeit substance classified in Schedule I or II which is a narcotic drug, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding fifteen years. . . .
35 P.S. § 780–113(a)(30) and (f)(1). Cocaine is a schedule II controlled substance under 35 P.S. § 780–104(2)(i)4.

2. The Crimes Code provides, in pertinent part:
§ 7508. Drug trafficking sentencing and penalties
(a) GENERAL RULE.—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:
* * *
(3) A person who is convicted of violating section … (30) … of The Controlled

sets forth a mandatory minimum sentence of one year *in prison* for felony delivery under subsection 780–113(a)(30). Appellant now argues that the court erred when it modified his first sentence because, *inter alia,* application of the mandatory minimum sentence is unconstitutional[3] in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We affirm.

¶ 2 Recently, this Court noted "there is conflicting authority in the Superior Court regarding whether a constitutional challenge to a statute requiring a mandatory minimum sentence represents a challenge to the legality of the sentence or the discretionary aspects of sentencing." *Commonwealth v. Mitchell,* 883 A.2d 1096, 1104 (Pa.Super.2005) (quoting *Commonwealth*

*v. Forbes,* 867 A.2d 1268, 1276 (Pa.Super.2005)). Perhaps as a result of this conflict, Appellant conflates legality and discretionary aspects concepts throughout his brief. If Appellant's challenge implicates the legality of his sentence, it is not waivable provided jurisdictional requirements are met.[4] *See Forbes, supra;* 42 Pa.C.S.A. § 9781(a) (providing that a "defendant or the Commonwealth may appeal as of right the legality of the sentence.").

¶ 3 Alternatively, if the claim implicates the discretionary aspects of Appellant's sentence, then Appellant has failed to preserve the claim with a Pa.R.A.P. 2119(f) statement in his brief.[5] Had the Commonwealth objected to the omission, we would be precluded from reviewing the

---

Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves ... shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:
  (i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity....
  18 Pa.C.S.A. § 7508(a)(3)(i).

3. Appellant's constitutional challenge is fundamentally different from a sufficiency of the evidence challenge to the application of a mandatory minimum sentencing statute. Typically, the sufficiency challenge alleges the prosecution failed to prove by a preponderance of the evidence that defendant possessed a quantity of drugs meeting or exceeding the sentencing statute's defined threshold amount. Without this factual predicate proven, the sufficiency challenge states, a mandatory minimum sentence for which there is no statutory authority has been imposed. It is well-settled that such a challenge implicates the legality of one's sentence. *See Common-*

*wealth v. Johnson,* 920 A.2d 873, 880 (Pa.Super.2007).
  Appellant does not contend that his sentence is without statutory authority. Rather, he contends the statutory authority with which his sentence accords is unconstitutional under a line of recent United States Supreme Court decisions. As discussed *infra,* there exists conflicting authority as to whether such a challenge implicates the legality or the discretionary aspects of one's sentence.

4. Though not technically waivable, a legality claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim. *See Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214, 223 (1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

5. "An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence." Pa.R.A.P. 2119(f).

claim altogether. *See Commonwealth v. Love,* 896 A.2d 1276, 1287 (Pa.Super.2006). The Commonwealth, however, has not objected, which permits this Court to either ignore Appellant's omission and determine if a substantial question exists with respect to his sentence, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte, i.e.,* deny allowance of appeal. *See Commonwealth v. Stewart,* 867 A.2d 589 (Pa.Super.2005). Because Appellant's constitutional claim arguably raises a substantial question that his sentence is contrary to fundamental sentencing norms, we would forego dismissing under waiver doctrine what could be construed as a discretionary aspects challenge. *See Mitchell, supra. See also Stewart, supra.* (reaching merits despite omission of both a Rule 2119(f) statement and objection thereto only where the appeal arguably raises a substantial question). In any event, regardless of whether his challenge implicates the legality of his sentence or the discretionary aspects of his sentence, Appellant's claim is without merit.

> We begin our analysis by recognizing that there is a strong presumption in the law that legislative enactments do not violate the constitution. Moreover, there is a heavy burden of persuasion upon one who challenges the constitutionality of a statute. As a matter of statutory construction, we presume the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth. A statute will not be declared unconstitutional unless it clearly, palpably, and plainly violates the Constitution; all doubts are to be resolved in favor of finding constitutionality.

*Mitchell,* 883 A.2d at 1104 (citations omitted).

¶ 4 In *Commonwealth v. Kleinicke,* 895 A.2d 562 (Pa.Super.2006) (*en banc* ), this Court sitting *en banc* rejected the very constitutional argument advanced by Appellant herein. The sentencing judge in *Kleinicke* had imposed a mandatory minimum sentence under Section 7508(a)(1)(iii) after finding that all of the 693 live plants confiscated from defendant's home were marijuana, well above the 51 plants needed to invoke the mandatory provision. The court made this finding, however, after the jury that convicted defendant failed to vote unanimously in a post-verdict poll asking how many live marijuana plants he possessed. Specifically, the poll produced one holdout juror who believed only the 15 plants actually tested were proven to be marijuana.

¶ 5 On appeal, the defendant argued that a judge may not impose a Section 7508 mandatory minimum sentence based on a fact not submitted to a jury and proven beyond a reasonable doubt without violating his Sixth Amendment rights and contravening the United States Supreme Court holdings in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Booker, supra* (applying *Blakely* to the application of the federal sentencing guidelines).[6] We held the judicial fact finding prescribed by Section 7508 did not

---

**6.** The *Apprendi* Court held that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 476, 120 S.Ct. 2348 (citation omitted). In *Blakely,* the Supreme Court dealt with Washington State's determinate sentencing guideline scheme, which placed such strict limitations on a judge's discretion to impose a statutory sentence above the guideline range that the guideline's top end served as the effective "legal maximum" sentence. The Court thus found a Sixth Amendment violation where the scheme permitted a judge to increase the defendant's sentence beyond the

violate *Apprendi, Blakely, Booker,* or the defendant's Sixth Amendment rights because the resulting mandatory minimum sentence did not exceed the punishment authorized by the jury's verdict. Indeed, under Pennsylvania law, a minimum sentence merely sets the date prior to which a prisoner may not be paroled, as it is the maximum sentence that delineates the punishment imposed for the criminal offense. *Kleinicke,* 895 A.2d at 572 (collecting cases). As Section 7508 does not, therefore, increase the statutory maximum punishment or change the grade of the crime, but only regulates the minimum sentence, its provision making judges the post-verdict fact finder of the quantity of drugs possessed presents no constitutional problem.

¶ 6 Against the backdrop of both our *en banc* decision in *Kleinicke* and Appellant's scant argument that application of Section 7508 to his sentence violated *Booker,* we hold that the trial court imposed neither an illegal nor an erroneous sentence by resentencing Appellant in accordance with the mandatory sentencing provisions of 18 Pa.C.S.A. § 7508.[7] Accordingly, we conclude that Appellant's claim is without merit.

¶ 7 Judgment of sentence is affirmed.

guideline maximum based on the judge's factual finding that the defendant acted with deliberate cruelty, a fact neither admitted in defendant's guilty plea nor proven to a jury beyond a reasonable doubt. *Booker* saw the Court apply its *Blakely* rationale to the federal sentencing guidelines, which were mandatory and set maximum ranges. Because the federal guidelines required a judge to increase a sentence based on a finding that the defendant actually possessed more drugs than what the jury found, the Supreme Court struck down this application of the guidelines under the defendant's Sixth Amendment right to be tried by a jury.

7. Indeed, the trial court had no reasonable choice but to modify its original sentence of electronic monitoring which was, in fact, an illegal sentence given Section 7508's mandate that the sentence be served in prison. *See Commonwealth v. Edrington,* 780 A.2d 721, 723 (Pa.Super.2001) (holding that court's failure to impose mandatory minimum sentence under qualifying facts resulted in an illegal sentence).