J-S47035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY FORD | |
| Appellant | No. 3557 EDA 2013 |

Appeal from the PCRA Order of November 20, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0008216-2003

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY FORD | |
| Appellant | No. 3560 EDA 2013 |

Appeal from the PCRA Order of November 20, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0008223-2003

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY FORD | |
| Appellant | No. 3561 EDA 2013 |

Appeal from the PCRA Order of November 20, 2013

In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0002831-2003

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                     **FILED AUGUST 13, 2014**

Anthony Ford appeals the November 20, 2013 order dismissing his second petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely.  We affirm.

Because we concur with the PCRA court that Ford's second PCRA petition was untimely, we need not delve deeply into the factual or procedural history of this case.  We merely reiterate the basic history of this case, as summarized by a panel of this Court in Ford's appeal of the denial of his first PCRA petition:

> On March 3, 2005, [Ford] entered several open guilty pleas. . . . [T]he relevant guilty pleas were entered at 8216-03, to the crimes of kidnapping, robbery, and criminal attempt to commit involuntary deviate sexual intercourse (IDSI).  Those pleas stem from [Ford's] involvement in the kidnapping, robbery, sexual assault, and physical assault of three male victims on October 5, 2003.  On May 25, 2005, the trial court imposed an aggravated sentence of eight (8) to sixteen (16) years['] imprisonment for the above referenced offenses.  [Ford] did not appeal the judgment of sentence.
>
> On February 24, 2006, [Ford], acting *pro se*, filed a timely PCRA petition.  Counsel was appointed and an amended petition was filed.  Thereafter, following an evidentiary hearing on August 7, 2006, the PCRA court entered an Order on August 25, 2006, denying relief.

*Commonwealth v. Ford*, No. 2623 EDA 2006, slip op. at 1-2 (Pa. Super. Apr. 9, 2007).  On April 9, 2007, a panel of this Court affirmed the PCRA

court's dismissal order. ***Id.*** at 1, 12. On September 25, 2007, the Pennsylvania Supreme Court denied Ford's petition for allowance of appeal. ***Commonwealth v. Ford***, 932 A.2d 1286 (Pa. 2007) (*per curiam*).

On November 5, 2013, Ford filed a second PCRA petition, in which Ford argued that, because he was a juvenile at the time of the offense and at the time of sentencing, being sentenced as an adult rendered his sentence illegal. On November 21, 2013, the PCRA court dismissed Ford's petition without a hearing.[1] On December 18, 2013, Ford filed a notice of appeal. The PCRA court did not order Ford to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Ford did not file a statement. Nonetheless, on January 31, 2014, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a), in which the court explained that it lacked jurisdiction over Ford's petition due to its untimeliness.

Ford raises two questions for our consideration:

1. Whether the lower court had jurisdiction to adjudicate [Ford's] claim of having received an illegal sentence?

---

[1] Notably, the PCRA court did not issue notice of its intent to dismiss Ford's petition pursuant to Pa.R.Crim.P. 907. However, it is now well-settled that "where the PCRA petition is untimely, the failure to provide [a Rule 907] notice is not reversible error." ***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014) (quoting ***Commonwealth v. Davis***, 916 A.2d 1206, 1208 (Pa. Super. 2007)).

2. Whether the lower court erred in not adjudicating [Ford's] claim [that] the sentencing judge lacked subject matter jurisdiction when he imposed an adult sentence for his juvenile case?

Brief for Ford at 5.

As in all PCRA cases, particularly those that involve an appellant's second PCRA petition, we begin with the questions of whether the petition was timely filed pursuant to the PCRA's strict time limit, and, therefore, whether we have jurisdiction to resolve the substantive claims raised by Ford. It is well-established that the PCRA time limits are jurisdictional, and are meant to be both mandatory and applied literally by the courts to all PCRA petitions, regardless of the potential merit of the claims asserted. *Commonwealth v. Murray*, 753 A.2d 201, 202-03 (Pa. 2000); *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011). "[N]o court may properly disregard or alter [these filing requirements] in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Murray*, 753 A.2d at 203; *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

"[A]ny PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment of sentence becomes final." *Commonwealth v. Breakiron*, 781 A.2d 94, 97 (Pa. 2001) (citing 42 Pa.C.S. § 9545(b)(1)). "A judgment becomes final for purposes of the PCRA 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

Supreme Court of Pennsylvania, or at the expiration of time for seeking review.'" ***Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005) (quoting 42 Pa.C.S. § 9545(b)(3)).

Ford was sentenced on May 25, 2005. Ford did not file post-sentence motions or a direct appeal. Ford's judgment of sentence became final on or about June 25, 2005, at the expiration of the thirty-day period during which Ford could have filed a direct appeal. ***See*** 42 Pa.C.S. § 9545(b)(3). Thus, to be timely, any PCRA petition must have been filed within one year of that date, on or about June 25, 2006. ***Id.*** § 9545(b)(1). Ford filed the instant petition on November 5, 2013, over eight years after his judgment of sentence became final. Consequently, Ford's petition was facially untimely.

Despite such facial untimeliness, a tardy PCRA petition nonetheless will be considered timely if (but only if) the petitioner pleads and proves one of the three exceptions to the one-year time limit enumerated in §§ 9545(b)(1)(i)-(iii) of the PCRA, which provide:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2)   Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b).

Ford does not argue that any of these three exceptions apply to his case. Rather, he maintains that his substantive claim, which amounts to a challenge to the legality of his sentence, is non-waivable and, therefore, not subject to the PCRA's strict time limit. However, it is well-settled that such claims still must abide by the timeliness requirements of the PCRA. "Though not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." *Commonwealth v. Slotcavage*, 939 A.2d 901, 903 (Pa. Super. 2007) (citing *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.")). Consequently, Ford has failed to establish either that his petition was timely, or that any of the three exceptions to the timeliness requirement applies.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/13/2014