J-S26035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE WILLIAM BURKHARDT | |
| Appellant | No. 1800 MDA 2014 |

Appeal from the PCRA Order October 7, 2014
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000407-1989

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED MAY 22, 2015**

George William Burkhardt ("Appellant"), appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

We summarize the relevant procedural history of this matter as follows.  On January 12, 1990, a jury convicted Appellant of two counts of second-degree murder.[1]  The trial court sentenced Appellant to two concurrent life sentences.  Appellant filed a direct appeal, in which this Court affirmed his judgment of sentence.  Our Supreme Court originally granted Appellant's petition for allowance of appeal, but then dismissed the petition as improvidently granted on February 15, 1994.  Thereafter, Appellant filed

_____

[1] 18 Pa.C.S. § 2502(b).

multiple PCRA and federal habeas corpus petitions, none of which provided him with relief.

Appellant filed the instant PCRA petition, his seventh, on August 25, 2014 ("the PCRA petition"). The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition on September 12, 2014. Appellant filed a response to the Rule 907 notice on October 3, 2014. The PCRA court dismissed the PCRA petition as untimely on October 7, 2014. Appellant timely appealed.[2]

Appellant raises the following issues for review:

1). WHERE CHALLENGES TO JURISDICTION ARISE, IS THE BURDEN OF PROOF UPON THE COMMONWEALTH?

2). CAN THE REGULARITY OF THE PROCEEDING BE CALLED INTO QUESTION WHERE THE COMMONWEALTH EXCEEDS IT'S JURISDICTION THROUGH THE FILING OF AN INSUFFICIENT ARREST WARRANT AFFIDAVIT?

3). CAN THE REGULARITY OF THE PROCEEDINGS BE CALLED INTO QUESTION WHERE THE COMMONWEALTH EXCEEDS IT'S JURISDICTION AND OBTAINS CONVICTION THROUGH PERJURED TESTIMONY?

4). CAN THE REGULARITY OF THE PROCEEDING BE CALLED INTO QUESTION WHERE THE COMMONWEALTH AND COURT ELUDED TO EVIDENCE OF A CRIME PREVIOUSLY WITHDRAWN AND NOT PROVEN?

5). CAN THE REGULARITY OF THE PROCEEDING BE CALLED INTO QUESTION WHERE [APPELLANT] RECEIVED MANDATORY

---

[2] Although the PCRA court did not order the filing of a Pa.R.A.P. 1925(b) statement of matters complained of on appeal, Appellant filed one on November 13, 2014. The PCRA court filed its opinion pursuant to Pa.R.A.P. 1925(a) on November 18, 2014.

MINIMUM SENTENCING WITHOUT PROOF OF PRIOR CONVICTION?

Appellant's Brief, p. 5 (verbatim).

In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

Before addressing the merits of Appellant's claims, we must first consider the timeliness of his PCRA petition because it implicates the jurisdiction of both this Court and the PCRA court. *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa.Super.2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." *Id.* To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa.2011).

"It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.Super.2013); 42 Pa.C.S. § 9545(b)(1). "This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." *Hernandez*, 79 A.3d at 651 (*citing Commonwealth v. Murray*, 753 A.2d

201, 203 (Pa.2000)). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa.Super.2014) (quoting *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa.2010)).

A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, a facially untimely petition may be received where any of the PCRA's three limited exceptions to the PCRA time bar are met. *Hernandez*, 79 A.3d at 651 (footnote omitted). These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa.2008), *cert. denied*, 555 U.S. 916 (2008); *see also*

*Commonwealth v. Leggett*, 16 A.3d 1144, 1146 (Pa.Super.2011) ("The petitioner bears the burden to allege and prove [that] one of the timeliness exceptions applies."). Further,

> [a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

*Hernandez*, 79 A.3d at 651-652 (internal quotations omitted).

Finally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa.2011). "A second or subsequent request for relief under the PCRA will not be entertained unless the petitioner presents a strong *prima facie* showing that a miscarriage of justice may have occurred." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1251 (Pa.2006). Additionally, in a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred". *Commonwealth v. Williams*, 660 A.2d 614, 618 (Pa.Super.1995).

Here, Appellant's judgment of sentence became final on May 16, 1995,[3] nearly 20 years before he filed the instant petition. Accordingly, the instant petition is facially untimely. Thus, Appellant must plead and prove that his petition falls under one of the Section 9545 exceptions set forth in the PCRA. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

To the extent this Court can discern a pleaded timeliness exception, the PCRA petition claims Appellant is entitled to the Section 9545(b)(1)(i) governmental interference timeliness exception based on his jurisdiction and legality of sentence claims. *See* PCRA Petition, pp. 1-2.[4] He is incorrect.

_____

[3] On direct appeal, the Supreme Court of Pennsylvania originally granted Appellant's petition for allowance of appeal from this Court's affirmance, but dismissed the petition as improvidently granted on February 15, 1994. Appellant's judgment of sentence became final 90 days later, at the expiration of his time for requesting certiorari from the Supreme Court of the United States. *See* 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13.1 (petition for writ of certiorari must be filed within 90 days of the date that state court of last resort denies discretionary review).

[4] The PCRA petition reads:

EXCEPTION TO THE P.C.R.A. TIME-BAR

SECTION 9545(b)(1)(i);

THE FAILURE TO RAISE THE CLAIM PREVIOUSLY WAS THE RESULT OF INTERFERENCE BY GOVERNMENT OFFICIALS WITH THE PRESENTATION OF THE CLAIM IN VIOLATION OF THE CONSTITUTION OR LAWS OF THIS COMMONWEALTH OR THE CONSTITUTION OR LAWS OF THE UNITED STATES.

*(Footnote Continued Next Page)*

The PCRA petition fails to explain how claims relating either to the jurisdiction of the lower court or the legality of the sentence implicate governmental interference, and this Court has uncovered no case law that

*(Footnote Continued)* ─────────────

SECTION 9545 (b)(5) – THE ACT OF JUNE 17, 2011, SENATE BILL NO. 1153, PRINTERS NO. 1367, SESSION OF 2011 (EFFECTIVE IN (60)-DAYS);

(5). NOTWITHSTANDING ANY OTHER PROVISION OF LAW, ANY PETITION FILED UNDER THIS SUBCHAPTER ALLEGING A MISCARRIAGE OF JUSTICE THAT LEAD TO THE CONVICTION OF A PERSON WHO WAS FACTUALLY INNOCENT OF THE CRIME FOR WHICH THE PERSON WAS CONVICTED, IN LIGHT OF ALL THE CREDIBLE EVIDENCE AVAILABLE AT TIME AND SUBSEQUENT TO TRIAL, MAY BE FILED AT ANY TIME.

ANTECEDENT TO EXCEPTIONS TO THE P.C.R.A. TIME-BAR ARE CLAIMS OR ISSUES BASED UPON THE PROPOSITION THAT JURISDICTION WAS LACKING, SUFFERED IMPROVIDENT LOSS OR EXERCISED IN WANT THEREOF. JURISDICTION REFERS TO THE AUTHORITY OF A COURT TO HEAR AND DECIDE THE CASE, AND BECAUSE JURISDICTION OF A COURT IS DERIVED FROM LAW [CONSTITUTIONAL OR STATUTE], JURISDICTION CANNOT BE CONFERRED BY AN UNAWARE DEFENDANT, NOR WAIVED. JURISDICTION MAY BE QUESTIONED AT ANY STAGE OF A PROCEEDING. THE SAME IS EQUALLY APPLIED TO WHERE THE COURT HAS EXCEEDED THE JURISDICTION CONFERRED BY LAW.

ANY PRESENTATION THAT THE SENTENCE IMPOSED IS ILLEGAL AND/OR EXCEEDS THE LAWFUL MAXIMUM MAY BE RAISED AS A MATTER OF RIGHT AND THIS COURT HAS JURISDICTION TO REVIEW IT PURSUANT TO 42 PA. C.S. § 9781(a);

THE DEFENDANT OR THE COMMONWEALTH MAY APPEAL AS OF RIGHT THE LEGALITY OF THE SENTENCE.

PCRA Petition, pp. 1-2 (verbatim).

would support such a suggestion. Additionally, regarding Appellant's legality of sentence claim, even if this claim somehow amounted to governmental interference, such a claim – although not waivable – must still be timely brought under the PCRA. As this Court has explained:

> However, the fact that [sentence legality] claims are not waived does not mean that we have jurisdiction to review them. Waiver and jurisdiction are separate matters. "Though not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." **Commonwealth v. Slotcavage**, 939 A.2d 901, 903 (Pa.Super.2007) (citing **Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214, 223 (1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.")).

**Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa.Super.2014), *reargument denied* (Apr. 21, 2014), *appeal denied*, 101 A.3d 103 (Pa.2014). Further, Appellant does not allege any fact that he could not have ascertained through the exercise of due diligence.[5] Accordingly, the petition remains time-barred.

---

[5] Appellant's jurisdictional claims relate to the content of the affidavit upon which his arrest warrant was issued and allegedly perjured trial testimony. **See** Appellant's Brief, pp. 4-8. His sentence legality claim pertains to the life sentences he received upon conviction. **Id.** at 9-11. Appellant knew these facts for over 24 years before filing the PCRA petition.

Because the PCRA petition is patently untimely and Appellant cannot avail himself of any of the PCRA's time bar exceptions, the PCRA court did not err in denying this petition as untimely.

Moreover, even if not time-barred, Appellant's claims lack merit. Appellant's jurisdictional claims[6] fail because it is beyond dispute that "[a]ll courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code." *Commonwealth v. Gross*, 101 A.3d 28, 32 (Pa.2014). Further, his claim that his sentence was illegal because the Commonwealth did not prove a prior conviction fails because second-degree murder convictions trigger an automatic sentence of life imprisonment regardless of prior conviction(s). *See* 18 Pa.C.S. § 1102(b).

_____

[6] Appellant's "jurisdictional" claims appear to consist of the arguments that (1) his prosecution was based on an insufficient affidavit of probable cause and (2) the Commonwealth secured his conviction with perjured testimony. *See* Appellant's Brief, pp. 7-11; PCRA Petition, pp. 4-8. While not strictly jurisdictional questions, because this Court will not act as an appellant's attorney or develop arguments on his behalf, we take the claims as Appellant intended them: as assertions that the errors he claims deprived the trial court of jurisdiction to prosecute him. *See id.*; *see also Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super.2007) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/22/2015