J-S63002-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AKIMO MOORE, | : | |
| | : | |
| Appellant | : | No. 3294 EDA 2014 |

Appeal from the PCRA Order October 10, 2014,
Court of Common Pleas, Lehigh County,
Criminal Division at No. CP-39-CR-0005109-2006

BEFORE: DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED OCTOBER 20, 2015**

Akimo Moore ("Moore") appeals from the order of court dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). Following our review, we affirm.

In June 2008, Moore was convicted of firearms not to be carried without a license, possession of a controlled substance with intent to deliver, and possession of a controlled substance. He was sentenced to an aggregate term of eight to sixteen years of imprisonment. Moore filed a direct appeal, but it was dismissed because Moore's counsel failed to file a brief. After the reinstatement of his direct appeal rights, this Court affirmed Moore's judgment of sentence on December 10, 2010. Moore did not seek further review with the Supreme Court of Pennsylvania.

On June 1, 2011, Moore filed a timely PCRA petition, which the PCRA court denied after a hearing. On August 26, 2014, Moore filed the PCRA petition at issue in the present appeal. In this petition, Moore raised only the claim that a new rule of law announced in **In re L.J.**, 79 A.3d 1073 (Pa. 2013), entitles him to relief. PCRA Petition, 8/26/14, at 1-3. On September 9, 2014, the PCRA court sent notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907"). Moore did not file a response to the PCRA court's Rule 907 notice, and on October 10, 2014, the PCRA court dismissed the petition on the basis that it was untimely. PCRA Court Opinion, 12/22/14, at 4-6.

This appeal follows, in which Moore presents two issues for our review:

1. Did the [PCRA] court err iin [sic] failing to grant an evidentiary hearing to review the violations of the sixth amendment and the fourteenth amendment rights (due process and equal protection) [Moore] avers were committed by the Superior Court of Pennsylvania upon review of his direct appeal?

2. Did the trial court err in sentencing [Moore] to a mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 7508(a)(3)(ii), which is an illegal sentence and deemed unconstitutional pursuant to **Alleyne v. United States**?

Moore's Brief at 4.[1]

---

[1] Moore did not number the pages of his appellate brief. For ease of reference, we have numbered the pages, beginning with the first page following the Table of Citations.

Before we can consider the claims Moore has raised, we first must determine whether the underlying PCRA petition was timely filed. It is well established that "[t]he PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648-49 (Pa. 2007). The PCRA provides in relevant part as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

This Court affirmed Moore's judgment of sentence on December 10, 2010, and he did not seek further review by the Pennsylvania Supreme Court; accordingly, his judgment of sentence became final on January 9, 2011, which marked the expiration of the period of time in which he could have sought such review. *See Commonwealth v. Rojas*, 874 A.2d 638, 643 (Pa. Super. 2005) ("Appellant's judgment of sentence became final for PCRA purposes … when the thirty-day appeal period expired for seeking review with our Supreme Court."). Therefore, for this Court (or the PCRA court) to have jurisdiction, Moore was required to establish one of the exceptions to the PCRA's jurisdictional time bar. He has not.

Moore attempts to establish the § 9545(b)(1)(iii) time bar exception by claiming that the Pennsylvania Supreme Court announced a new rule of law in *L.J.* "pertaining to the review of suppression issues on appeal." Moore's Brief at 14. Moore further attempts to satisfy the sixty-day requirement of § 9545(b)(2) by alleging that although *L.J.* was decided in October 2013, he "became aware of [it] on June 10, 2014, when the computer systems were updated at SCI Fayette[,]" and then filed his petition within sixty days of the date he discovered the decision. *Id.* at 11.

Even assuming that *L.J.* satisfies the § 9545(b)(1)(iii) time bar exception, Moore's attempt to establish that he filed his petition within sixty days of the date the claim could have been presented fails. This Court has routinely and consistently held that in such situations, it is the date of the

- 4 -

court's decision, not the date the PCRA petitioner discovered the decision, that controls. ***Commonwealth v. Brandon***, 51 A.3d 231, 235 (Pa. Super. 2012) ("[T]he sixty-day period [for § 9545(b)(2)] begins to run upon the date of the underlying judicial decision[.]"); ***Commonwealth v. Leggett***, 16 A.3d 1144, 1146-47 (Pa. Super. 2011) ("[T]his Court has held that a prisoner's ignorance of the law does not excuse his failure to file a PCRA petition within sixty days of the filing of the judicial decision which he claims established an after-recognized constitutional right."); ***Commonwealth v. Baldwin***, 789 A.2d 728, 730-31 (Pa. Super. 2001) (same).

As Moore has failed to establish an exception to the PCRA's time bar, we are without jurisdiction to entertain the merits of his claims. Accordingly, we affirm the PCRA court's order.[2]

Order affirmed.

---

[2] We recognize that the second issue presented challenges the legality of Moore's sentence. As discussed ***infra***, there is a one-year period in which all claims under the PCRA must be brought, subject to three exceptions to this jurisdictional time-bar. "Though not technically waivable, a legality [of a sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." ***Commonwealth v. Slotcavage***, 939 A.2d 901, 903 n.4 (Pa. Super. 2007) (citing ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999)). Moore does not allege or prove that any exception to the PCRA's jurisdictional time bar applies to this claim. ***See*** Moore's Brief at 15-16. For that reason, it is not properly before us for review.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2015