J-S21033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAUL DIAZ, | |
| Appellant | No. 1374 EDA 2015 |

Appeal from the PCRA Order April 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0802071-1987

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED February 22, 2016**

This is a *pro se* appeal from an order dismissing Appellant's fourth petition brought under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  The PCRA court dismissed the petition on the basis it was untimely filed.  We affirm.

The relevant facts and procedural history are as follows:  During the early morning hours of July 1, 1987, Appellant shot a mother and her adult daughter at a bar in Philadelphia, and on December 9, 1988, he was convicted by a jury on two counts of first-degree murder, two counts of aggravated assault, and one count of possessing an instrument of crime.[1] Appellant was sentenced to an aggregate of life in prison.

---

[1] 18 Pa.C.S.A. §§ 2502(a), 2702, and 907, respectively.

*Former Justice specially assigned to the Superior Court.

On April 17, 1991, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Diaz*, 594 A.2d 780 (Pa.Super. 1991) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with the Supreme Court.

Appellant filed a first PCRA petition, which was denied on June 6, 1994. This Court affirmed the denial on March 30, 1995, and the Supreme Court denied allowance of appeal. *Commonwealth v. Diaz*, 660 A.2d 651 (Pa.Super. 1995) (unpublished memorandum), *appeal denied*, 665 A.2d 466 (Pa. 1995). Thereafter, Appellant filed a second PCRA petition, which was dismissed as untimely on May 30, 2002, and this Court affirmed the dismissal on April 14, 2003. *Commonwealth v. Diaz*, 828 A.2d 395 (Pa.Super. 2003) (unpublished memorandum). Appellant filed a third PCRA petition, which was dismissed as untimely on April 15, 2008, and this Court affirmed the dismissal on June 28, 2013. *Commonwealth v. Diaz*, 82 A.3d 474 (Pa.Super. 2013).

Appellant filed the instant *pro se* PCRA petition, his fourth, on August 1, 2014, and the PCRA court provided Appellant with notice of its intent to dismiss the petition under Pa.R.Crim.P. 907 on the basis it was untimely filed. Appellant filed a response, and by order entered on April 21, 2015, the PCRA court dismissed Appellant's fourth PCRA petition, without an evidentiary hearing, as untimely. This timely appeal followed.

On appeal, Appellant presents three issues, which we set forth verbatim as follows:

I. Did the PCRA court violate due process of the law as determined within the U.S.C.A. 6 and the the U.S.C.A. 14 pertaining to equal protection of the law when they improperly dismissed the petition before them without the benefit of any evidentiary hearing to properly and lawfully conclude the matter presented to them when petitioner clearly invoked an exception to the time bar requisite in exercise of due diligence?

II. Does a miscarriage of justice exist within the [Appellant's] conviction where the evidence presented was insufficient to support the weight of the verdict within a conviction for first degree murder pertaining to both of the victims within the one criminal episode

III. Does a miscarriage of justice exist within the [Appellant's] sentence where the sentencing court misapplied the Commonwealth's law and constructed an illegal sentence of incarceration in direct indifference to the applicable sentencing laws that were founded at that time and at the bequest of the Commonwealth's prosecutor?

Appellant's Brief at 11.

Preliminarily, we must determine whether Appellant's fourth PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super. 2000). "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

>    (i)    the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
>    (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
>    (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citation omitted).

Here, Appellant's judgment of sentence became final on May 17, 1991, thirty days after this Court affirmed his judgment of sentence and the time for filing a petition for allowance of appeal with the Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(e). Appellant, thus, had until May 18, 1992, to file a timely PCRA petition. Appellant filed the instant PCRA petition on August 1, 2014, and therefore, it is patently untimely.

Appellant initially attempts to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(ii) pertaining to newly-discovered facts. Specifically, he alleges, in relevant part, the following:

> [A]ppellant within came to this Country as a Cuban Political Dissident during the Mariella Boat Lift into Miami[,] Florida. Upon his departure from his country, he had to leave behind his immediate family which included his juvenile son. Due too [*sic*] the political indifferences between the United States and Cuban governments your appellant had no contact with any of his family members as they were relocated after his departure and he was never made aware of their whereabouts. After several years, and long after your appellant's conviction[,] his son, with the assistance of social media, was able to locate his father and a long distance written relationship ensued between father and son. During this letter writing relationship, the incidents of impropriety were relayed to the appellant's son, wherein acting in good intention appellant's son acquired the criminal abstract of the appellant, and forwarded it to your appellant which in its form and context purports to the undeniable fact that your appellant had no prior criminal history with the court as asserted by the prosecution at trial.

> Upon receipt of this information your appellant properly filed his PCRA petition predicated upon newly discovered evidence of judicial impropriety based upon the prosecution['s] false assertions to the trial court and the jury acting as fact-finders.

Appellant's Brief at 12-13.

The Supreme Court has previously explained that the newly-discovered fact exception in Section 9545(b)(1)(ii) requires the petitioner to allege and prove that there were "facts" that were "unknown" to him and that he could not have ascertained those facts by the exercise of "due diligence." ***Commonwealth v. Bennett***, 593 Pa. 382, 393-94, 930 A.2d 1264, 1270-72 (2007). A petitioner must allege and prove previously unknown "facts," not merely a newly discovered or newly willing source for previously known facts. ***Marshall***, ***supra***.

Moreover, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Williams***, 35 A.3d 44, 52 (Pa.Super. 2011) (citations omitted).

Additionally, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline.

> The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2). The sixty (60) day time limit . . . runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain

> when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

*Williams*, 35 A.3d at 53 (citations omitted).

Here, Appellant has made no assertion that he filed the instant PCRA petition presenting his newly-discovered fact claim within 60 days of when the claim first could have been presented. Rather, Appellant merely indicates his son acquired his "criminal abstract" and forwarded it to Appellant "during their letter writing relationship." Moreover, there is no indication that the "facts" alluded to in Appellant's argument (*i.e.*, his son receiving a copy of Appellant's "criminal abstract," which allegedly indicated that Appellant had no prior criminal history as suggested by the prosecution at trial) could not have been ascertained earlier with due diligence.[2] Accordingly, Appellant has not demonstrated the applicability of Section 9545(b)(1)(ii)'s timeliness exception.[3]

_____

[2] In light of the foregoing, we need not address whether Appellant's son's receipt of a copy of Appellant's "criminal abstract," which allegedly proved Appellant had no prior criminal history, constituted unknown "facts," as opposed to constituting a newly discovered or newly willing source for previously known facts. *Marshall*, *supra*.

[3] In the PCRA court, Appellant suggested he was entitled to the after-recognized constitutional right exception of Section 9545(b)(1)(iii) in light of the U.S. Supreme Court's opinion in *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013) (holding in federal habeas corpus proceedings strict compliance with one year statute of limitations for the Anti-Terrorism and Effective Death Penalty Act is not required if the petitioner advances a convincing claim of actual innocence). PCRA Court Opinion, filed 6/23/15, 2-3. In its opinion, the PCRA court discussed at length the reasons it rejected Appellant's

*(Footnote Continued Next Page)*

Appellant next asserts that his sentence is illegal and, since such a challenge is nonwaivable, the PCRA court erred in failing to address the merits thereof.

We agree with Appellant that claims of legality of sentence are generally nonwaivable. *Commonwealth v. Brown*, 71 A.3d 1009, 1010 (Pa.Super. 2013). However, the fact that such claims are not waived does not mean that we have jurisdiction to review them. Waiver and jurisdiction are separate matters. "Though not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." *Commonwealth v. Slotcavage*, 939 A.2d 901, 903 (Pa.Super. 2007) (citation omitted). Here, Appellant's fourth PCRA petition is untimely, and therefore, neither this Court nor the lower court had jurisdiction over the petition.

Finally, we note Appellant contends the PCRA court erred in dismissing his PCRA petition without an evidentiary hearing.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently

_____ (Footnote Continued) _____

argument in this regard. Specifically, the PCRA court found "*McQuiggin* did not announce a new relevant constitutional [right] that has been made retroactive by either our Supreme Court or the Supreme Court of the United States." PCRA Court Opinion, filed 6/23/15, at 2. In this appeal, Appellant concedes *McQuiggin* does not satisfy the exception and, thus, we decline to address the issue further. *See* Appellant's Brief at 14.

> frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012) (citations and quotations omitted).

Since Appellant did not successfully invoke any of the exceptions necessary to circumvent the timeliness requirement, the PCRA court did not err in dismissing the instant PCRA petition without an evidentiary hearing. *See Commonwealth v. Garcia*, 23 A.3d 1059, 1066 (Pa.Super. 2011) ("[I]t is well settled that the right to an evidentiary hearing on a PCRA petition is not absolute, and the PCRA court may decline to hold a hearing if the petitioner's claims are patently frivolous with no support in either the record or other evidence.") (citation omitted)). Moreover, in light of our conclusion that Appellant's PCRA petition was untimely filed, we shall not address Appellant's remaining substantive claims.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/2016