J-S21034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANNY ANDREWS, | |
| Appellant | No. 2411 EDA 2015 |

Appeal from the PCRA Order July 13, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0135221-1991; CP-51-CR-1238162-1990

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                   **FILED FEBRUARY 23, 2016**

Appellant appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  The PCRA court dismissed the petition on the basis it was untimely filed.  We affirm.

The relevant facts and procedural history are as follows:  Appellant was charged in separate criminal Informations with armed robberies of the office workers at three separate apartment buildings (Garden Court Apartments, Brynfield Court Apartments, and Korman Suites). A jury convicted him on five counts of robbery, two counts of criminal conspiracy,

*Former Justice specially assigned to the Superior Court.

and two counts of possessing an instrument of crime[1] with regard to the Garden Court Apartments and Korman Suites robberies.  The jury acquitted him of the offenses stemming from the Brynfield Court Apartments robbery.

The trial court sentenced Appellant to an aggregate of 65 years to 130 years in prison. On direct appeal, this Court affirmed Appellant's convictions, but vacated and remanded for resentencing on the grounds that the trial court failed to refer to the applicable sentencing guideline ranges. *Commonwealth v. Andrews*, 641 A.2d 1218 (Pa.Super. 1993) (unpublished memorandum), *appeal denied*, 647 A.2d 895 (1994), *cert. denied*, 513 U.S. 1021 (1994).

Upon remand, the trial court imposed the same term of imprisonment as before.  Appellant filed an appeal, and in a published opinion, on October 5, 1998, this Court affirmed the judgment of sentence.  *Commonwealth v. Andrews*, 720 A.2d 764 (Pa.Super. 1998).  The Supreme Court granted allowance of appeal and affirmed on March 26, 2001.  *Commonwealth v. Andrews*, 564 Pa. 321, 768 A.2d 309 (2001).  Appellant did not file a petition for a writ of *certiorari* with the U.S. Supreme Court.

On March 5, 2002, Appellant filed a timely first PCRA petition, and appointed counsel filed an amended PCRA petition.  On September 28, 2004, the PCRA court dismissed Appellant's first petition, and on December 28,

_____

[1] 18 Pa.C.S.A. §§ 3701, 903, and 907, respectively.

2006, this Court affirmed. ***Commonwealth v. Andrews***, 918 A.2d 781 (Pa.Super. 2006) (unpublished memorandum). The Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Andrews***, 592 Pa. 764, 923 A.2d 1172 (2007).

On March 31, 2011, Appellant filed a second *pro se* PCRA petition, and on October 24, 2011, the PCRA court dismissed Appellant's second PCRA petition. On May 30, 2012, this Court affirmed. ***Commonwealth v. Andrews***, 50 A.3d 253 (Pa.Super. 2012) (unpublished memorandum).

On October 1, 2014, Appellant filed a third *pro se* PCRA petition, and on May 28, 2015, the PCRA court provided Appellant with notice of its intent to dismiss the petition under Pa.R.Crim.P. 907 on the basis it was untimely filed. Appellant filed a response, and by order entered on July 13, 2015, the PCRA court dismissed Appellant's third PCRA petition on the basis it was untimely filed. Appellant filed a timely *pro se* notice of appeal, and the PCRA court subsequently filed an opinion.

On appeal, Appellant presents the following issue:

> Is the Appellant's sentence a nullity in light of this Court's ruling in ***Commonwealth v. Newman***[, 99 A.3d 86 (Pa.Super. 2014) (*en banc*)] in which the mandatory sentencing statutes have been found to be facially unconstitutional?

Appellant's Brief.[2]

_____

[2] Appellant did not paginate his brief.

Preliminarily, we must determine whether Appellant's third PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super. 2000). "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)      the failure to raise a claim previously was the result of interference by government officials with the

- 4 -

presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Marshall**, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citation omitted).

Here, on October 5, 1998, this Court affirmed Appellant's judgment of sentence, and the Supreme Court affirmed on March 26, 2001. Appellant did not file a petition for a writ of *certiorari* with the U.S. Supreme Court. Therefore, his judgment of sentence became final on Monday, June 25, 2001, ninety days after our Supreme Court affirmed his judgment of sentence and the time for filing a petition for a writ of *certiorari* expired.[3] **See** 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the

---

[3] The ninetieth day fell on Sunday, June 24, 2001, and thus, Appellant had until Monday, June 25, 2001, to file a petition for a writ of *certiorari* with the U.S. Supreme Court. 1 Pa.C.S.A. § 1908.

- 5 -

conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); U.S.Sup.Ct.R. 13 (providing "a petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review[ ]"). Appellant, thus, had until approximately June 25, 2002, to file a timely PCRA petition. Appellant filed the instant PCRA petition on October 1, 2014, and therefore, it is patently untimely.

Appellant does not allege that any of the timeliness exceptions are applicable and, in fact, he avers "the Petitioner is not subject to any timeliness constraints[.]" Appellant's Brief. Instead, he alleges that under **Newman**, **supra** his sentence is illegal and "resentencing is compulsory." In essence, Appellant suggests his claim of legality of sentence cannot be waived on appeal.

Claims of legality of sentence are generally nonwaivable. **Commonwealth v. Brown**, 71 A.3d 1009, 1010 (Pa.Super. 2013). However, the fact that such claims are not waived does not mean that we have jurisdiction to review them. Waiver and jurisdiction are separate matters. "Though not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely

PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." ***Commonwealth v. Slotcavage***, 939 A.2d 901, 903 (Pa.Super. 2007) (citation omitted). Here, Appellant's third PCRA petition is untimely and no exception was proven. Therefore, the courts lack jurisdiction to consider the merits of the issues, including legality of sentence, presented in the petition.[4]

     For all of the foregoing reasons, we affirm.

     Affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2016

_____

[4] Assuming, *arguendo*, Appellant's argument may be characterized as an attempt to assert the "new constitutional right" exception to the PCRA time-bar based on ***Newman***, ***supra***, we note that this Court's decision in ***Newman***, which was a direct appeal, rested almost entirely on the holding in ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). This Court has held that ***Alleyne*** does not apply retroactively to cases on collateral review. ***See Commonwealth v. Riggle***, 119 A.3d 1058 (Pa.Super. 2015); ***Commonwealth v. Miller***, 102 A.3d 988 (Pa.Super. 2014) (holding ***Alleyne*** did not announce new constitutional right that has been held to apply retroactively to satisfy PCRA's time-bar exception). Accordingly, our decision in ***Newman*** would not render Appellant's third PCRA petition timely filed pursuant to the exception.