J. S30022/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JEROME V. HALL, JR., | : | No. 2814 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, August 22, 2014,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0002864-2008

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E. AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 24, 2015**

Jerome V. Hall, Jr., appeals, **pro se**, from the order of August 22, 2014, dismissing his second Post Conviction Relief Act ("PCRA") petition without a hearing.[1]  We affirm.

Appellant entered an open guilty plea to two counts of possession with intent to deliver cocaine and a single count each of corrupt organizations, criminal conspiracy, and criminal use of a communication facility.  On June 16, 2009, appellant was sentenced to an aggregate term of 8 to 16 years' imprisonment.  The sentence included a mandatory sentence of 3 to 6 years and a $15,000 fine pursuant to 18 Pa.C.S.A. § 7508(b).

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

Appellant did not file a post-sentence motion or a direct appeal. On June 7, 2010, appellant filed a *pro se* PCRA petition; counsel was subsequently appointed. Scott C. McIntosh, Esq., filed a "no merit" letter in accordance with *Turner*/*Finley*[2] and a request to withdraw. The petition was dismissed and counsel was granted leave to withdraw.

On July 7, 2014, appellant filed his second *pro se* PCRA petition. On July 22, 2014, the court filed notice, pursuant to Pa.R.Crim.P. Rule 907, 42 Pa.C.S.A., of its intention to dismiss appellant's petition without a hearing. Appellant's petition was dismissed in an order filed on August 22, 2014, and this timely appeal followed. (Docket #41, 42.) Appellant filed a concise statement of matters to be complained of on appeal and presents the following claims for our review:

1.  The trial court erred by dismissing [appellant's] P.C.R.A. when it is clear that [appellant's] sentence was illegal, the legality of a sentence is a non-waivable issue subject to review at any stage of the judicial process or sua sponte by the court.

2.  The trial court erred by not utilizing an exception that exist[s] where the trial court discovers that the sentence originally imposed was illegal in which case it may alter the sentence beyond the 30 day period.

3.  The trial court erred by claiming it does not have jurisdiction to address the merits of [appellant's] claim because [appellant's] petition is untimely and [appellant] has not

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

satisfied any of the timeliness exceptions. Due to the merits of [appellant's] claim[,] a challenge to the legality of a sentence may be raised as a matter of right, is non-waivable and may be entertained as long as [the] re[view]ing court has jurisdiction.

4. The trial court erred by claiming [appellant] did not satisfy any of the timeliness exceptions. Where the mandatory minimum sentence[s] were deemed "Unconstitutional by the Supreme Court in August 2014[,]" [w]hich bolstered [appellant's] argument that the mandatory minimum sentence is illegal and a violation of [appellant's] constitutional rights and laws of the Commonwealth. Also, being that these facts were unknown to [appellant] at the time and could not have been ascertained by exercise of due diligence. The grounds [appellant] raised in a timely P.C.R.A. and preserved were the denial of his constitutional rights, ineffectiveness of plea counsel, an unlawfully induced guilty plea, the imposition of a sentence in excess of the lawful maximum and lack of jurisdiction.

5. The trial court erred claiming [appellant] was not sentenced to an illegal sentence when the mandatory sentence imposed violated the sixth amendment, fifth amendment, and the fourteenth amendment of the constitution of the Commonwealth of Pennsylvania.

Appellant's brief at 7-8. Each of these issues essentially claims that the PCRA court erred in denying his petition as untimely where the sentence he is serving is illegal. We disagree.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. ***Commonwealth v.***

***Franklin***, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id.***

A PCRA petition, including a second or subsequent one, must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Taylor***, 933 A.2d 1035, 1038 (Pa.Super. 2007), ***appeal denied***, 951 A.2d 1163 (Pa. 2008). In this case, appellant's judgment of sentence became final on Thursday, July 16, 2009,[3] when the time for filing a direct appeal expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P., Rule 903, 42 Pa.C.S.A. The instant petition, filed July 7, 2014, is manifestly untimely and the PCRA court lacked jurisdiction to review it unless appellant pleaded and proved a valid exception to the time bar of the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Appellant's arguments assume that where a petitioner is challenging the legality of sentence, the issue cannot be waived and must always be heard. This is only partially correct. While a question pertaining to the legality of sentence cannot be waived, our supreme court has ruled that it cannot be reviewed pursuant to an untimely PCRA petition:

---

[3] We disagree with the PCRA court's conclusion that appellant's judgment of sentence became final on August 16, 2009. (Trial court opinion, 12/2/14 at 4.)

> Appellant's fourth contention is that his petition cannot be barred as untimely because to do so would result in the execution of an illegal sentence of death. Appellant offers that even if untimely, a petitioner's claims will always be considered on the merits when the claims challenge the legality of the sentence. Appellant is mistaken. Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. *Commonwealth v. Chester*, 557 Pa. 358, 733 A.2d 1242 (1999). Thus, Appellant's contention is easily dismissed.

*Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). This court does not have jurisdiction to address the legality of sentence pursuant to an untimely PCRA petition. *Commonwealth v. Slotcavage*, 939 A.2d 901, 903 (Pa.Super. 2007). "Though not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." *Id.*

Appellant's fourth issue also suggests that his discovery of *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (holding that, to comply with the dictates of the Sixth Amendment, facts that increase mandatory minimum sentence are elements of offense and must be submitted to jury and proven beyond a reasonable doubt), is a new fact to satisfy the exception to the time-bar. However, our supreme court has held that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011). Thus, an

assertion that publication of the **Alleyne** decision qualifies as a previously unknown fact, triggering the timeliness exception set forth in Section 9545(b)(1)(ii), fails.

Appellant also suggests he should be afforded the benefit of a newly recognized, retroactively applied constitutional right to relief predicated on the **Alleyne** decision. He suggests that a challenge to the legality of a sentence cannot be waived, and that **Alleyne** retroactively applies to this case, rendering his untimely petition reviewable on the merits. We conclude that **Alleyne** is unavailing to appellant's claim.

First, we note that appellant did not raise the exception at Section 9545(b)(1)(iii) in a timely manner. **Alleyne** was decided on June 17, 2013. Appellant did not file the instant PCRA petition until July 7, 2014, well over 60 days after the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2) (requiring that any PCRA petition invoking one of the time-bar exceptions must be filed within 60 days from the date the claim could have been presented); **Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa.Super. 2007).

Also instructive to the instant case is this court's decision in **Commonwealth v. Miller**, 102 A.3d 988, 993 (Pa.Super. 2014), in which the appellant argued the applicability of Section 9545(b)(1)(iii) to his patently untimely PCRA petition. Specifically, the appellant averred that the **Alleyne** decision announced a new constitutional right that applies

retroactively to cases on collateral review. *Id.* at 993-994. The *Miller* court

disagreed, explaining:

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.
>
> We are aware that an issue pertaining to *Alleyne* goes to the legality of the sentence. It is generally true that this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte*. However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. **As this Court recently noted, [t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim. As a result, the PCRA court lacked jurisdiction to consider the merits of Appellant's second PCRA petition, as it was untimely filed and no exception was proven.**

*Id.* at 994-996 (emphasis added, quotation marks, footnote, and citations

omitted).

*Miller* squarely applies to this case. Like the appellant in *Miller*,

appellant raised *Alleyne* more than one year after his judgment of sentence

became final.  Moreover, even if **Alleyne** announced a new constitutional right, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that this right applies retroactively to cases on collateral review.  **See id.** at 995.  "This is fatal to appellant's argument regarding the PCRA time-bar." **Id.**  Thus, although **Alleyne** implicates the legality of appellant's sentence, we lack jurisdiction to address this issue. **Id.** at 995-996.

Accordingly, we affirm the PCRA court's order dismissing appellant's second petition.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2015