J-S45018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FREDERICO ANTONIO DACENZO, JR. | |
| Appellant | No. 80 MDA 2015 |

Appeal from the Order Entered on December 19, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0000074-2009

BEFORE:  BOWES, J., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:                     **FILED JULY 21, 2015**

Frederico Dacenzo appeals the December 19, 2014 order that denied his petition to be declared eligible for the Recidivism Risk Reduction Incentive (RRRI) Act, 61 Pa.C.S. § 4501 *et seq.*  We treat Dacenzo's petition as a petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, and we conclude that the PCRA court lacked jurisdiction to grant Dacenzo any form of relief.  Therefore, we affirm.

In an earlier proceeding, the PCRA court summarized the relevant procedural history of this case as follows:[1]

_____

[*]    Former Justice specially assigned to the Superior Court.

[1]    Due to our disposition of this case, the facts underlying Dacenzo's plea are irrelevant, and we will not recite them here.

On October 13, 2009, Dacenzo pled guilty to one count of sexual abuse of children, a felony of the third degree, nine counts of sexual abuse of children, felonies of the second degree, and one count of criminal use of a communication facility, a felony of the third degree. On January 15, 2010, Dacenzo received an aggregate sentence of ten to twenty years in a state correctional institution with a consecutive twenty years['] probation under the supervision of the Pennsylvania Board of Probation and Parole. [The trial court informed Dacenzo that, based upon Dacenzo's prior record and the nature of the charges, he was not eligible for RRRI.] No subsequent appeal was filed.

On August 13, 2012, Dacenzo filed a PCRA petition alleging that his trial counsel was ineffective because they failed to file a motion to suppress. . . . [The PCRA court] dismissed the PCRA petition on January 8, 2013[, as untimely].

PCRA Court Opinion, 2/13/2013, at 1-2 (some capitalization modified).

On September 19, 2013, this Court also concluded that Dacenzo's petition was untimely, and affirmed the PCRA court. *See Commonwealth v. Dacenzo*, No. 172 MDA 2013, slip op. at 1, 7 (Pa. Super. Sep. 19, 2013). On March 26, 2014, the Pennsylvania Supreme Court denied Dacenzo's request for allowance of appeal. *See Commonwealth v. Dacenzo*, No. 913 EAL 2013 (Pa. March 26, 2014) (*per curiam*).

On December 11, 2014, Dacenzo filed a "Petition for (RRRI) Illigibility [*sic*] Amendment of Sentence." The PCRA court denied the petition without a hearing on December 19, 2014. On January 6, 2015, Dacenzo filed a notice of appeal, which prompted the PCRA court to direct Dacenzo to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Dacenzo filed a timely concise statement. Finally, on March 9, 2015, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a).

The crux of Dacenzo's appeal is that the PCRA court "erred as a matter of law in denying [Dacenzo's] motion for reduction of sentence/RRRI request." Brief for Dacenzo at 1 (unpaginated). Before we can consider the merits of Dacenzo's claim, we first must determine what type of pleading Dacenzo filed, and whether, based upon that determination, the PCRA court had jurisdiction to consider the petition at all. For the reasons that follow, we construe Dacenzo's petition as one seeking relief pursuant to the PCRA, and we hold that the PCRA court was without the necessary jurisdiction to consider the petition.

"We have repeatedly held that the PCRA provides the sole means for obtaining collateral review and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Commonwealth v. Kubis*, 808 A.2d 196, 199 (Pa. Super. 2002); *see Commonwealth v. Johnson*, 803 A.2d 1291, 1293 (Pa. Super. 2002). "[I]f the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is *exclusive* to the PCRA," and subject to the jurisdictional requirements of the PCRA. *Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa. Super. 2004) (emphasis in original); *see Commonwealth v. Eller*, 807 A.2d 838, 846 (Pa. 2002). Dacenzo claims that he should be eligible for the RRRI program, which constitutes a challenge to the legality of a sentence. *Commonwealth v. Tobin*, 89 A.3d 663, 669 (Pa. Super. 2014). "Issues concerning the legality of sentence are cognizable under the PCRA." *Commonwealth v. Beck*, 848 A.2d 987, 989

(Pa. Super. 2004) (citing **Commonwealth v. Hockenberry**, 689 A.2d 283, 288 (Pa. Super. 1997)). Accordingly, Dacenzo's petition must be construed as a PCRA petition.

Because we deem Dacenzo's petition to be a PCRA petition, we must determine whether the petition was timely. The PCRA was amended in 1995 to include strict time limits on filings, establishing that "[a]ny petition [filed under the PCRA] . . . shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). Under the PCRA, "[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). It is well-established that these time limits are jurisdictional, and are meant to be both mandatory and applied literally by the courts to all PCRA petitions, regardless of the potential merit of the claims asserted. **Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa. Super. 2011); **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999) (stating that a trial court has no authority to extend filing periods except as the statute permits); see **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000).

Because Dacenzo did not file a direct appeal, his judgment of sentence became final on February 15, 2010, thirty days after his sentence was imposed. Thus, to be timely, any petition for post-conviction collateral relief

had to be filed within one year of that date, *i.e.*, on or before February 15, 2011. The petition at issue herein was not filed until December 11, 2014, well beyond the deadline. Thus, the petition facially was untimely.

Despite the untimeliness of the petition, there are three statutory exceptions to this one-year time limit, which, when satisfied, permit a defendant to file a PCRA petition more than one year after the underlying judgment of sentence becomes final. These exceptions are as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b). "[I]t is the appellant's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010).

Here, Dacenzo does not address the timeliness of his petition or any of the exceptions. He has not met his burden to prove either the timeliness of his petition or the applicability of any of the exceptions. Therefore, his petition was untimely and the PCRA court lacked jurisdiction to consider it.

Finally, we recognize that a challenge to the legality of a sentence cannot be waived. However, waiver and jurisdiction are separate matters. "Though not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." *Commonwealth v. Slotcavage*, 939 A.2d 901, 903 (Pa. Super. 2007) (citing *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.")).

For these reasons, Dacenzo's petition must be considered as a PCRA petition, which was untimely filed. Hence, the PCRA court lacked jurisdiction to consider the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2015

- 6 -