J-S48042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONNY J. WESTERFIELD | |
| Appellant | No. 497 WDA 2015 |

Appeal from the PCRA Order of February 20, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No.: CP-26-CR-0001990-2007

BEFORE:  PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED SEPTEMBER 18, 2015**

Ronny Westerfield appeals the February 20, 2015 order that denied Westerfield's motion to correct an illegal sentence.  For the reasons contained herein, we construe Westerfield's motion as a petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, and we deem it untimely pursuant to the strict time constraints set forth in the PCRA.  Consequently, no court has jurisdiction to afford Westerfield any form of relief, including claims implicating the legality of a particular sentence.  We affirm.

In May 2008, following a jury trial, Westerfield was convicted of, *inter alia*, involuntary deviate sexual intercourse ("IDSI") with a person less than sixteen years of age.  *See* 18 Pa.C.S. § 3123(a)(7).  In an early opinion in

this case, the trial court summarized the facts set forth at trial in support of

Westerfield's convictions as follows:

> In August of 2006, [the victim] engaged in a conversation with her aunt, [C.C. ("the Aunt")]. At that time, [the victim] was a child of nine, having been born [in 1997]. In that conversation, [the victim] told [the Aunt] that her father, [Westerfield], had been touching her with his fingers, and that he licked her on her private part.
>
> The following year, on June 17, 2007, [the Aunt] had another conversation with [the victim], in which [the victim] told her that [Westerfield] had been touching her again. [The victim] related to [the Aunt] that [Westerfield] used his fingers to fondle her, and to touch her private parts, and made her perform oral sex on him. Additionally, he licked her private part and tried to put his private part inside her but it hurt too much.
>
> [The victim], a child now eleven years of age . . . testified that [in] 2005, when her mother passed away, she [began] living with [Westerfield]. Some time prior to July 4, 2006, [Westerfield] asked her to come to his room, where he "separated" her clothes and put his tongue, and then his finger, in her "private part."
>
> Several months later, after they had moved to another residence, [Westerfield] was again licking [the victim's] private part and put his penis in her mouth. [Westerfield] also tried to put his "private part" in [the victim's] "butt" as well as her front private part. Full penetration did not occur because the penis of [Westerfield] was too big.
>
> [The victim] was next sexually assaulted by [Westerfield] on July 4, 2006. On that evening, [Westerfield] tried to put his penis in both her anus and her vagina. He then had the child suck on his penis and he licked her private part. During this assault on [the victim], there was an emission by [Westerfield].
>
> The following year, on Father's Day, [Westerfield] once more preyed upon his daughter, trying to put his penis in her vagina as well as her anus. Again he penetrated her vagina with his finger, and again he licked her vaginal area.

Trial Court Opinion, 12/23/2008, at 2-4 (citations to the notes of testimony omitted).

On November 4, 2008, the trial court sentenced Westerfield to an aggregate term of sixteen to thirty-two years' incarceration on the IDSI and related charges. On June 16, 2009, a panel of this Court affirmed the judgment of sentence. *See Commonwealth v. Westerfield*, No. 1989 WDA 2008, slip op. at 1, 5 (Pa. Super. June 17, 2009). Westerfield filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which the Court subsequently denied.

On September 20, 2010, Westerfield filed a *pro se* PCRA petition. Following the appointment of counsel, the PCRA court dismissed the petition without an evidentiary hearing. On March 9, 2012, this Court affirmed the denial in an unpublished memorandum. *See Commonwealth v. Westerfield*, No. 987 WDA 2011, slip op. at 1, 6 (Pa. Super. March 9, 2012). Westerfield did not petition the Pennsylvania Supreme Court for further review.

On November 7, 2012, Westerfield file a second *pro se* PCRA petition. Once again, the PCRA court dismissed the petition without an evidentiary hearing. On March 3, 2015, this Court affirmed the dismissal. *See Commonwealth v. Westerfield*, No. 1719 WDA 2014, slip op. at 1, 8 (Pa. Super. March 5, 2015).

On August 4, 2014, while the appeal was pending on Westerfield's second PCRA petition, Westerfield filed a "*Pro Se* Motion to Correct Illegal

Sentence." Therein, Westerfield alleged that the IDSI count was withdrawn at the preliminary hearing, rendering his conviction and sentence on that count illegal. Initially, the PCRA court took no action on the motion, which, according to the PCRA court, was due to the fact that the motion was never served upon that court. Westerfield filed a petition for a writ of mandamus with the Pennsylvania Supreme Court, seeking to have the Court compel the PCRA court to act upon the motion to correct the illegal sentence. Once the PCRA court learned of the mandamus action, the court issued a rule to show cause on the Commonwealth as to why the relief sought by Westerfield should not be granted. The PCRA court subsequently set aside the rule to show cause, and, on February 20, 2015, denied the motion on the merits.

On March 25, 2015, Westerfield filed a notice of appeal.[1] On March 31, 2015, the PCRA court issued an order directing Westerfield to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Westerfield timely complied. On April 21, 2015, the PCRA court

_____

[1] On May 18, 2015, this Court issued a rule to show cause on Westerfield concerning the timeliness of the instant appeal. In his response to the rule to show cause, Westerfield explained that he was appealing the February 20, 2015 order, and that he deposited his notice of appeal with the prison authorities within the thirty-day time period to do so. For this reason, the prisoner mailbox rule applies, and the appeal is timely. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (holding that an appeal by a *pro se* prisoner is deemed to be filed on the date that the prisoner deposits the appeal with prison authorities or places it in the prison mailbox, even though the appeal is not received by the lower court until after the deadline to file an appeal has lapsed).

filed a statement in lieu of an opinion pursuant to Pa.R.A.P. 1925(a), in which the court referred this Court to the rationale for denying the motion that the court set forth in its February 20, 2015 order.

Westerfield presents three questions for our consideration:

I.   Whether or not the lower court lacked judicial authority over the withdrawn charge?

II.  Whether or not the filing of a bill of information for the withdrawn charge violates [Westerfield's] constitutional right to due process?

III. Whether or not the sentence imposed on the withdrawn charge is illegal?

Brief for Westerfield at 4.

We first must determine whether the PCRA court had jurisdiction to rule on Westerfield's motion. As noted, Westerfield filed a motion to correct what he contends is an illegal sentence. Generally speaking, all post-conviction petitions for collateral relief must be brought pursuant to the dictates of the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. Indeed, the PCRA is the sole means of collateral relief in Pennsylvania, so long as the PCRA provides a potential remedy for the claim that is raised by the litigant. *See Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013); 42 Pa.C.S. § 9542 (The PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*.").

Notably, Westerfield's challenge to the legality of his sentence is an action cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(vii); *see* ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (determining that claims challenging legality of sentence are reviewable within the PCRA); ***Commonwealth v. Vega***, 754 A.2d 714, 719 (Pa. Super. 2000) (finding that, within the PCRA, legality of sentence claims are always reviewable). In this circumstance, the PCRA provides a remedy for an illegal sentence. ***Id.*** Thus, because the PCRA provides a remedy for such a claim, and because the PCRA is the exclusive mechanism to pursue such relief, we must construe Westerfield's motion as a petition for relief under the PCRA. Having so concluded, we next must determine whether the petition was timely filed.

Our scope and standard of review are well-settled. A review of a PCRA petition by an appellate court is confined by the restraints set forth in the PCRA. ***Commonwealth v. Strong***, 761 A.2d 1167, 1170 n.3 (Pa. 2000). The "standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error." ***Commonwealth v. Allen***, 732 A.2d 582, 586 (Pa. 1999) (citing ***Commonwealth v. Jermyn***, 709 A.2d 849, 856 (Pa. 1998)).

In ***Commonwealth v. Jackson,*** we articulated the timeliness standards under the PCRA as follows:

> The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9545. When an

- 6 -

action is cognizable under the PCRA, the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose[.]" 42 Pa.C.S.A. § 9542.

In order for a court to entertain a PCRA petition, a petitioner must comply with the PCRA filing deadline. ***See Commonwealth v. Robinson,*** 837 A.2d 1157, 1161 (Pa. 2003). The time for filing a petition is set forth in 42 Pa.C.S.A § 9545(b), which provides in relevant part:

**(b)   Time for filing petition.—**

(1)    Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i)        the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)       the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)      the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

* * *

42 Pa.C.S.A § 9545(b).

"[T]he time limitations pursuant to . . . the PCRA are jurisdictional." ***Commonwealth v. Fahy,*** 737 A.2d 214, 222 (Pa. 1999). "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." ***Id.*** "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider

the merits of the petition." ***Commonwealth v. Perrin,*** 947 A.2d 1284, 1285 (Pa. Super. 2008).

***Commonwealth v. Jackson,*** 30 A.3d 516, 518-19 (Pa. Super. 2011).

As we noted in an earlier memorandum, Westerfield's judgment of sentence became final on or about May 26, 2010. ***See Westerfield***, No. 1719 WDA 2014, slip op. at 6. To be timely, any petition for relief had to be filed on or before May 26, 2011. Westerfield filed his motion on August 4, 2014. The motion patently was untimely. Westerfield presently does not contend that any of the exceptions to the PCRA's time limits apply to his otherwise untimely motion.

For these reasons, no court in Pennsylvania has jurisdiction to rule upon Westerfield's motion. This is true even though a challenge to the legality of a sentence typically is an issue incapable of being waived. However, waiver and jurisdiction are separate matters entirely. Although "not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." ***Commonwealth v. Slotcavage,*** 939 A.2d 901, 903 (Pa. Super. 2007) (citing ***Fahy,*** 737 A.2d at 223 ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.")).

In sum, we construe Westerfield's motion as a petition for relief under the PCRA. Because the motion was untimely filed, with no applicable

exceptions, neither the PCRA court nor this Court have jurisdiction to afford Westerfield relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2015